IN THE COUNTY COURT FOR THE 11ᵀᴴ JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

OPA PROPERTY MANAGEMENT CORP.,          CIVIL DIVISION

                    Plaintiff,

v.                                       CASE NO. 18-001830-CC-23

ALTENEEZ MOSS and                        Division 05
UNKNOWN OCCUPANT(S),


                    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DETERMINE RENT

This cause came before the Court for an evidentiary hearing on April 13, 2018 at

2:30 p.m. on Defendant, Alteneez Moss' (hereinafter "Defendant"), Motion to Determine

Rent (hereinafter "Motion"). In connection with this Motion, the Court reviewed and

considered: (1) all exhibits entered into evidence by the parties at hearing; (2) the

testimony of Yvette Cunningham, Housing Manager at Miami-Dade County; (3) the

testimony of Leonardo Figueroa, Housing Inspector at Miami-Dade County; and (4) the

testimony of Jason Selesky, on-site manager for Plaintiff, Opa Property Management

Corp. (hereinafter "Plaintiff").

## FINDINGS OF FACT & CONCLUSIONS OF LAW

Defendant is a participant in the Section 8 Moderate-Rehabilitation ("Mod-

Rehab") program, which provides subsidized housing through Miami-Dade County

Housing Assistant Payment ("HAP"). The program allows participants to live in

privately-owned accommodations and pay rents based upon income, with HAP paying

the balance. In order to maintain participation in the HAP program, certain criteria must

be met, including passing property inspections. There are strict guidelines regarding the

1



remedies and rights of tenants and owners when the property has failed inspection. With that backdrop in mind, we turn to the facts of the instant case.

On April 1, 2012, Plaintiff and Defendant entered into a Section 8 Lease Agreement (hereinafter "Lease Agreement") for the rental of the real property located at 110 Dunad Avenue, Unit 84, Opa-Locka, Florida 33054 (hereinafter "Property"). Nearly six years later — on January 19, 2018 — Plaintiff filed a one-count complaint for eviction against Defendant, citing Plaintiff's failure to pay the full contract rent following the termination of "Defendant's participation in the Section 8 program." *See* Comp. at 2.

At the time of filing the complaint, the total contract rent was $792, of which Defendant paid $223. As of April 1, 2018, the contract rent was increased to $808. *See* Pls.'s Ex. 2 & 3.

On October 18, 2017, the Miami-Dade Housing Agency ("the Agency") conducted an inspection of the property and found three violations of the Housing Quality Standards set by the United States Department of Housing and Urban Development. These violations were: 1) a deteriorated wall, which showed signs of water leaks and/or water seepage; 2) defective stove burners; and 3) an excess accumulation of trash and debris, which created a fire hazard. The Agency notified the parties of the violations in a letter dated October 23, 2017. This letter provided that a re-inspection would be conducted on November 17, 2017.

The re-inspection came and went, with the Agency finding that two of the three violations had been cured: the deteriorated wall, and the defective stove burners. Unresolved was the issue of excess accumulation of trash and debris creating a fire hazard. Though all three violations were initially found to be the responsibility of the

2

owner only, upon re-inspection, the unresolved trash/debris issue was found to be *both*

the responsibility of the owner *and* tenant.

In the resulting "Notice of Failed Reinspection and Unit Abatement" provided by

the Agency to the parties, the Agency, *inter alia*, advised:

> If any of the violations shown are owner's responsibility,
> then the tenant is entitled to request a change of dwelling
> within 21 days starting 11/17/17. If the tenant does not
> contact [the Agency] within this period and remains at the
> above mentioned unit, they will be responsible for full
> contract rent.

Pls.'s Ex 1 at 3.

Based on the failed inspection, the Agency issued a final fail notice on the unit

and stopped paying its portion of the total contract rent on November 17, 2017.

Importantly, Defendant never requested a change of dwelling within the time limitations

in the notice. In fact, Defendant has continued to reside in the property through the date

of this hearing without requesting a change of dwelling. During this period, the violation

has remained, and the Defendant has not permitted the Plaintiff to remedy the violation.

Section 83.60(2), Florida Statutes, requires tenants to deposit their rent into the

court registry in order to defend an eviction. It also states that "tenants receiving rent

subsidies are required to deposit only that portion of the full rent for which they are

responsible pursuant to the federal, state, or local program in which they are

participating."

The issue here is whether Defendant is responsible for depositing only for the

$223 which she had been paying prior to HAP's termination, or for the full contract rent.

The Court concludes that the latter is true — Defendant is required to deposit the

full contract rent since November 17, 2017, when the HAP program terminated for the

3

failed inspection. The Agency's notice put the parties on sufficient notice about what their rights and responsibilities were. And so it was incumbent upon the Defendant to adhere to those responsibilities in order to defend her rights.

To the extent the testimony of the Agency's witnesses were inconsistent with the Agency's notice, the Court resolved the conflict in favor of the Plaintiff.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

A.     The Defendant shall, within ten business (10) days of the date of this Order, deposit into the Court Registry the amount of $3,122.00, which is the amount of full contract rent for the period of November 17, 2017 through April 30, 2018. Failure to deposit this amount shall entitle Plaintiff to an immediate default judgment for removal of the Defendant with a writ of possession to issue without further notice or hearing pursuant to section 83.60(2), Florida Statutes. Should Defendant deposit the full amount of $3,122.00, the case shall continue in its normal course;

B.     The Defendant shall continue to deposit the full contract rent of $808.00 on the first of the month each month into the Court Registry during the pendency of this case beginning May 1, 2018. Should the Defendant fail to deposit the full contract rent of $808.00 on a monthly basis pursuant to this paragraph, the Plaintiff shall be entitled to an immediate default judgment for removal of the Defendant with a writ of possession to issue without further notice or hearing pursuant to section 83.60(2), Florida Statutes. Should Defendant make these deposits, the case shall continue in its normal course; and

4

C.     The Plaintiff is hereby immediately permitted to deposit the five (5) payments of $224.00[1] in its possession. The deposit of these payments shall not be deemed a waiver of any of Plaintiff's rights but have been credited to the amount due contained in Paragraph A above.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 04/16/18.

RENATHA S. FRANCIS
COUNTY COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

## SERVICE LIST

Nicholas G. Rossoletti, Esquire
Law Offices of Richard R. Robles, P.A.
905 Brickell Bay Drive, Suite 228
Miami, Florida 33131
Telephone: (305) 755-9200
E-mail: nrossoletti@roblespa.com
Attorney for Plaintiff

Jeffrey M. Hearne, Esquire
Legal Services of Greater Miami, Inc.
4343 W. Flagler Street, Suite 100
Miami, Florida 33134
Telephone: (305) 438-2403
E-mail: jhearne@legalservicesmiami.org
Attorney for Defendant

[1] While her payments were only $223, Defendant made payments, which Plaintiff did not deposit so as not to waive any defenses, in the amount of $224.

5